IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN DALE SHEFFIELD,    §<br>    #126026903,    §<br>        PETITIONER,    §<br>    §<br>v.    §   CIVIL CASE NO. 3:19-CV-2399-D-BK<br>    §<br>THE STATE OF TEXAS,    §<br>        RESPONDENT.    § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Kevin Dale Sheffield's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed herein, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

### I. BACKGROUND

Sheffield, a state pretrial detainee confined in the Johnson County Jail, challenges the criminal charges pending against him. He is presently awaiting trial on grand jury indictments charging him with possession with intent to deliver a controlled substance, evading arrest or detention, and unlawful possession of a firearm by a felon. *State v. Sheffield*, No. DCF201900865 (413th Jud. District Court, Johnson Cty.); Doc. 3 at 2; Doc. 5 at 1.[1] Sheffield

---

[1] The state court docket sheet is available on the Johnson County's website at
https://pa.johnsoncountytx.org/PublicAccess/Search.aspx?ID=100 (last accessed Jan. 7, 2020).

requests that the criminal charges be dismissed and that he be released from confinement because of constitutional violations stemming from his warrantless arrest, illegal search and seizure, unreasonable detention, and denial of an examining trial. Doc. 5 at 2, 4, 6-7.

Upon review, the Court construes Sheffield's habeas corpus petition as seeking relief under 28 U.S.C. § 2241 and finds that he has failed to exhaust available state court remedies. Therefore, his petition should be dismissed.

## II. ANALYSIS

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[2]

In light of his *pro se* status, the Court liberally construes Sheffield's petition to request pretrial habeas relief under 28 U.S.C. § 2241(c), which applies to a person "'in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [him].'" *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). A pretrial detainee, however, must fully exhaust available state remedies before seeking federal habeas relief. *Montano v. Texas*, 867 F.3d 540, 542–43 (5th Cir. 2017) (citing *Dickerson*, 816 F.2d at 225). This requires that the factual and legal basis of all claims be submitted to the Texas Court of

---

[2] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts renders the 2254 Rules applicable to habeas petitions not covered by section 2254.

Criminal Appeals. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted); *Curtis v. Garza Cty. Jail*, No. 5:18-CV-00205-M-BQ, 2019 WL 5698802, at *2 (N.D. Tex. Oct. 8, 2019), *adopting R. & R.*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019). Exceptions exist only "where the available ... remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano*, 867 F.3d 542-43 (internal quotations and quoted case omitted).

In the pre-conviction context, a detainee confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure in the court in which he is indicted. *See* TEX. CODE CRIM. PROC. ANN. ART. 11.08 (West 2020). If the trial court denies habeas relief under Article 11.08, the applicant can first appeal directly to an intermediate appellate court and subsequently petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)); *Curtis*, 2019 WL 5698802, at *2

Sheffield concedes that he has not satisfied the exhaustion requirement. A review of his *Petition* and *Answers to Magistrate Judge's Questionnaire* confirms that he did not file a state habeas application raising his claims. Doc. 3 at 3 (acknowledging filing only a motion requesting examining trial); Doc. 5 at 3-4. (verifying no habeas petition was filed). Because the Texas Court of Criminal Appeals has not had an opportunity to consider Sheffield's claims, they remain unexhausted.

### III. CONCLUSION

For the foregoing reasons, the habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**SO RECOMMENDED** on January 16, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).